Taft, C. J.
The ultimate question to be determined is whether so-called “patronage retains” or certificates of ownership, which are created by a co-operative association incorporated pursuant to Sections 1729.01 to 1729.28, Revised Code, and which are owed by another corporation, must be listed for taxation by the owning corporation.
This depends upon a determination of the question whether such “patronage retains” or certificates of ownership represent “stocks” of a corporation within the meaning of that word as used in Section 5709.02, Revised Code, which reads in part:
“All moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, except as provided in this section or * * *
“A corporation shall not be required to list any of its investments in the stocks of any other corporation or in its own treasury stock.”
In determining that question, it is first necessary to consider what these “patronage retains” and certificates of ownership are.
Section 1729.10(F), Revised Code, one of the statutes providing for incorporation of a co-operative association, reads in part:
“The association shall limit its dividends on stock to any amount not greater than eight per cent per annum; and all of its other net income less specified reserves which shall be provided for in the bylaws, shall be distributed to its members only on the basis of patronage.”
The taxpayer’s brief states that, under the federal income tax laws, farmers’ co-operatives may deduct from their gross income those amounts distributed by the co-operative to patrons, whether such distributions are in the form of cash, stock, so-called “patronage retains” or by way of allocations on the books of the co-operative, where such allocations are evidenced by some writing that advises the patron of the allocation.
Thus a co-operative may apparently retain profits for use in its business without subjecting those profits to the high federal corporate income tax rates if it allocates those profits on its books to its patrons and advises them in writing of such al *309 locations. See Ravenscroft, Proposed Limitation on the Patronage Dividend Deduction (1957), 12 Tax Law Review, 151-154. See also annotation, 8 A. L. R. (2d), 925, and 1960 A. L. R. (2d) Supplement Service, Sections 9.5 and 10 relating thereto.
In the instant case, the allocation of profits on the taxpayer’s books to its patrons was accompanied by either mere written notice of the amount so allocated to a particular patron, which resulted in a so-called “patronage retain” in that amount, or by the issuance of a certificate of ownership in that amount.
Where profits are so allocated instead of paid out in cash to patrons, the patrons are in effect compelled to reinvest those allocated profits in the corporate co-operative.
Because of the statutory limitation on dividends that can be paid, it is usually difficult for a co-operative to raise capital by the sale of stock. Hence, co-operatives frequently allocate profits on their books to their patrons (and either merely advise them in writing of such allocations, thereby creating “patronage retains,” or issue certificates of ownership to them) instead of paying those profits out in cash and then endeavoring to raise an equal amount of needed capital by the difficult method of selling limited-dividend shares of stock.
In the instant case, the articles of incorporation and bylaws of the co-operative involved give the holders of “patronage retains” or certificates of ownership no right to require payment of their amounts in cash and no right to interest thereon, and the amounts thereof are payable in cash only as directed by the co-operative’s board of directors or on dissolution of the co-operative. Those articles and bylaws provide also that, on dissolution, such amounts are only payable in cash after payment in cash of the par value of all classes of what are referred to as “shares” which are elsewhere in the articles of incorporation identified as shares of “stock” (see Section 1729.06(F), Revised Code); and that, after the payment in cash of the amounts of such “patronage retains” and certificates of ownership, any balance of corporate assets remaining is to be distributed among patrons on the basis of business transacted with the co-operative by such patrons respectively during the ten years preceding the date of dissolution of the corporate *310 co-operative. The bylaws further state that, “patrons’ reserves * * * shall constitute capital advances made by the patrons to the association.”
It is apparent, therefore, that the “patronage retains” and certificates of ownership involved in the instant case represent part of what this court has referred to as the intangible interests of ownership in the capital employed in such corporation. See Society for Savings in City of Cleveland v. Peck, Tax Commr. (1954), 161 Ohio St., 122, 118 N. E. (2d), 651 (reversed on other grounds, 349 U. S., 143, 99 L. Ed., 950, 75 S. Ct., 607); Broadview Savings & Loan Co. v. Peck, Tax Commr. (1956), 165 Ohio St., 82, 133 N. E. (2d), 366; Second Federal Savings & Loan Assn. of Cleveland v. Bowers, Tax Commr., 168 Ohio St., 65, 151 N. E. (2d), 223. See also Tomlinson v. Mossey (C. C. A. 5, 1962), 308 F. (2d), 168.
The taxpayer contends that the “stocks” of a corporation are the same as the capital employed in such corporation; and that, since these “patronage retains” and certificates of ownership represent part of the capital employed in the corporation, they must likewise represent part of the stocks thereof and therefore represent “investments in the stocks of” the corporation within the meaning of Section 5709.02, Revised Code.
However, this court has held that there may be interests of ownership in a corporation or in the capital employed in a corporation which are not stock or stocks of such corporation. Society for Savings v. Peck, supra (161 Ohio St., 122). See also statutory expression to that effect in the statute relied upon by the taxpayer, i. e., Section 5709.02 as amended effective October 8, 1956. Cf. State v. DeKalb County Exchange, Inc. (1950), 253 Ala., 217, 43 So. (2d), 809.
Furthermore, as to the co-operative whose “patronage retains” and certificates of ownership are involved in the instant case, the express words of the statutes under which it was incorporated recognize that there may be interests of ownership in such a corporation or in the capital employed in such a corporation which are not stock or stocks of such corporation. Thus Section 1729.06(E), Revised Code, expressly recognizes that a co-operative corporation may be “organized without capital stock” but there is nothing in the statutes to indi *311 cate that such a corporation would not have the same right to have “patronage retains” or certificates of ownership as a corporation “organized with capital stock.” If it did, such “patronage retains” or certificates would certainly not represent stocks of the corporation. There is no apparent reason why the same interests would represent such “stock” merely because the corporation was organized with capital stock.
Our conclusion is that neither “patronage retains,” which are allocated to patrons by a co-operative corporation organized under Sections 1729.01 to 1729.28, Revised Code, nor certificates of ownership evidencing them, which are issued by such corporation, are “investments in the stocks of” such co-operative corporation within the meaning of the last paragraph of Section 5709.02, Revised Code.

Decision affirmed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.